# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY ROMANO,<br><br>        Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>        Defendant. | Case No. 1:22-cv-10471 |

## NOTICE OF REMOVAL

Defendant, HARBOR FREIGHT TOOLS USA, INC. ("Harbor Freight" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal of this action from Superior Court, Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts. For the reasons set forth below, removal is proper based on 28 U.S.C. §§ 1332, 1441 and 1446.

## INTRODUCTION

1.  On December 17, 2021, Plaintiff Anthony Romano, ("Romano" or "Plaintiff") filed a Complaint in Superior Court, Middlesex County, Massachusetts styled *Anthony Romano v. Harbor Freight Tools USA, Inc.*, Case No. 2181CV06451 (the "Complaint").

2.  Harbor Freight was served with a copy of Plaintiff's Summons and Complaint, with accompanying Civil Action Tracking Order and Civil Action Cover Sheet, on March 1, 2022. A copy of Plaintiff's Summons and Complaint, Civil Action Tracking Order, Civil Action Cover Sheet and Service of Process Notice is attached hereto as **Exhibit A**.

3. Plaintiff's Summons and Complaint and accompanying Civil Action Tracking Order, Cover Sheet and Service of Process Notice are the only pleadings, process documents, and/or orders that have been served on Defendant in this action.

4. Plaintiff alleges that he suffered significant injury after being forcibly thrown to the ground while using a Harbor Freight Pittsburgh brand Breaker Bar that was allegedly designed, manufactured and sold by Harbor Freight, which failed while he was working on a snow pusher. **Exhibit A**, Plaintiff's Complaint at ¶¶ 5-7.

5. Plaintiff's Complaint includes four separate counts which are based on different or alternative causes of action: Negligence (Count I), Product Liability – Breaches of Warranty (Count II), Product Liability – Breach of Warranty of Fitness for Intended Use (Count III) and Product Liability – Breach of Duty to Warn (Count IV). *See* **Exhibit A**, Plaintiff's Complaint at Counts I-IV.

## DIVERSITY OF CITIZENSHIP

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states. *See* **Exhibit A**, Plaintiff's Complaint at ¶¶ 1-2.

7. Plaintiff was a resident of New Hampshire at the time of his injury and is currently a resident of the State of New Hampshire. **Exhibit A**, Plaintiff's Complaint at ¶ 1.

8. Defendant is incorporated in the State of Delaware with its principal place of business in California. Therefore, Harbor Freight is a citizen of Delaware and California.

9. Therefore, Plaintiff and Harbor Tools are citizens of different states and there is complete diversity of citizenship present.

## AMOUNT IN CONTROVERSY

10. Plaintiff's Complaint provides that "Plaintiff demands judgment against Defendant, together with interest and costs." *See* **Exhibit A**, Plaintiff's Complaint at 8.

11. Plaintiff's Civil Action Cover Sheet presents damages allegedly sustained by Plaintiff equaling $145,533.07. **Exhibit A**, Plaintiff's Civil Action Cover Sheet.

12. The Civil Action Cover Sheet which was served along with Plaintiff's Complaint specifically mentions the nature and extent of the physical injuries and medical expenses as bases for damages in this matter. **Exhibit A**, Civil Action Cover Sheet.

13. Accordingly, the amount in controversy in the Complaint, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## 28 U.S.C. § 1446'S REQUIREMENTS

14. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. *See* 28 U.S.C. § 1446(b). Harbor Freight was served with Plaintiff's Complaint on March 1, 2022. *See* **Exhibit A**, Service of Process Notice.

15. Therefore, this Notice of Removal, filed on March 29, 2022, is timely filed.

16. Venue is proper in this district under 28 U.S.C. § 1441(a) because the removed action was pending in this district and division.

17. Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon [Defendant]" from Superior Court, Middlesex County, are filed herewith as **Exhibit A**.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and filed with the Clerk of Court, Superior Court, Middlesex County, Massachusetts.

WHEREFORE, Defendant Harbor Freight Tools USA, Inc. hereby removes the above-referenced action now pending against it in the Superior Court, Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts.

Dated: March 29, 2022

Respectfully submitted,

By: _____
Kevin C. McCaffrey
BBO No. 666052
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
T: (212) 710-3952
F: (212) 710-3950
E: kevin.mccaffrey@clydeco.us

*Attorneys for Defendant*
  *Harbor Freight Tools USA, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2022, a copy of foregoing was filed electronically via the ECF filing system and was served via Regular U.S. Mail upon the following:

Alan L. Cantor, Esq.
Swartz & Swartz, P.C.
10 Marshall Street
Boston, Massachusetts 02108

                                                By: _____
                                                        Kevin C. McCaffrey