UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY ROMANO )<br>            Plaintiff, )<br>)<br>vs. )<br>)<br>HARBOR FREIGHT TOOLS USA, )<br>INC. )<br>            Defendant. )<br>) | CIVIL ACTION NO.:<br>1:22-CV-10471-DPW<br><br>PLAINTIFF CLAIMS<br>TRIAL BY JURY |

## AMENDED COMPLAINT AND JURY DEMAND

### Introductory Statement

This amended complaint is filed as a matter of course pursuant to Rule 15(a) (1) (B) in that it is filed within 21 days after service of a Rule 12(b) motion.

### Parties

1. The Plaintiff, Anthony Romano resides in Middleton, New Hampshire.

2. The Defendant Harbor Freight Tools USA, Inc. is a corporation created under the las of Delaware, with its principal place of business in Calabasas, California.

3. The Defendant Harbor Freight Tools USA, Inc. is a foreign corporation registered with the Massachusetts Secretary of State with a place of business in Medford, Middlesex County, MA.

### Facts Common to All Counts

4. Defendant, at all times relevant to this Complaint, was and is in the business of designing, manufacturing, marketing, distributing, and/or selling tools, including Breaker Bars.

5. At all times pertinent hereto, Plaintiff was employed in the maintenance department of Latitude Sports Club, at Latitude's place of business in Salisbury, MA.

6. At some time prior to January 29, 2019, Plaintiff purchased from Defendant's store in Danvers, MA a Harbor Freight Pittsburgh brand Breaker Bar manufactured, marketed, distributed, and/or sold by defendant.

7. On January 29, 2019, while working at this employer's place of business in Salisbury, MA, Plaintiff was using said Breaker Bar to tighten bolts on a snow pusher when it fractured causing Plaintiff to be thrown forcibly to the ground.

8. As a result of said failure, the Plaintiff suffered significant injury to his shoulder and back, disability, permanent limitation, significant medical expenses and lost earning capacity, pain and suffering, and loss of enjoyment of quality life.

9. Plaintiff's cause of action arises out of Defendant's:

    A. Transacting any business in this commonwealth;
    B. Contracting to supply services or things in this commonwealth;
    C. Causing tortious injury by an act or omission in this commonwealth;
    D. Causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

10. Moreover, it is constitutionally permissible for this court to exercise personal jurisdiction over the Defendant in that the incident in which the Plaintiff was injured is directly related to Defendant's Massachusetts activities, that the Defendant purposely availed itself of the use of Massachusetts commerce to distribute its product here and that it is reasonable to exercise personal jurisdiction over Defendant for purposes of this case.

## **COUNT I**

### **(Negligence)**

11. Plaintiff reiterates the above allegations and incorporates them herein by reference.

12. Defendant, as the designer, manufacturer, distributor and/or seller of the Breaker Bar, owed Plaintiff and other foreseeable users the duty to design, manufacture, sell and distribute a Breaker Bar in a reasonable manner.

13. Defendant was negligent in the design and/or manufacture of the subject Breaker Bar resulting in its failure while it was being used by the Plaintiff in an intended or foreseeable manner. Said negligence includes but is not limited to, failure to use stronger material in the

product, failure to utilize a design which would have minimized the possibility of breakage, and utilizing metal which was subject to brittle failure. A suitable alternative design was technologically and practicably available at the time of manufacture. Said alternate design would include but not be limited to use of stronger material, use of a design less prone to breakage and use of metal which was not subject to brittle failure.

14. The Plaintiff's injuries and damages, as described above, were a direct and proximate result of the negligence of Defendant, its agents, servants, and/or employees.

## COUNT II

### (Product Liability-Breaches of Warranty)

15. Plaintiff reiterates the above allegations and incorporates them herein by reference.

16. Defendant, at all times material to this complaint, was and is a merchant within the meaning of G.L.c 106 §2-101 et seq.

17. In placing the subject Breaker Bar into the stream of commerce, Defendant implicitly warranted that the Breaker Bar was merchantable, free from defect, safe and not unreasonably dangerous to use; and was fit fore the foreseeable uses for which it was intended. Massachusetts General Laws c. 106 s. 2-314.

18. As stated above, the subject Breaker Bar was defective and unreasonably dangerous for its expected and foreseeable use. See Paragraph 13.

19. As such, the subject Breaker Bar's design and manufacture were in breach of the warranty of merchantability.

20. Defendant's breaches of said warranty resulted in the Plaintiff's injuries and damages.

## COUNT III

### (Product Liability-Breach of Warranty of Fitness for Intended use)

21. Plaintiff realleges the above allegations and incorporates them herein by reference.

22. Defendant warranted that its Breaker Bar was fit for both commercial and home use.

23. Said product was defective and not safe for such use, and as such was in breach of said warranty, in violation of G.L.c 106 §2-315. See Paragraph 13 herein.

24. As a direct and proximate result of this breach of warranty, Plaintiff suffered the injury and damage complained of herein.

## COUNT IV

### (Product Liability – Breach of Duty to Warn)

25. Plaintiff realleges the above allegations and reincorporates them herein by reference.

26. Defendant owed a duty to foreseeable users of their product to provide adequate warnings and instructions on the Breaker Bar that it designed, manufactured, distributed, and/or sold.

27. Defendant knew, or in the exercise of appropriate care should have known, that there was a risk that in ordinary use of the subject Breaker Bar that it was subject to failure.

28. Defendant failed to provide reasonable or adequate warnings or instructions to users of the Breaker Bae alerting them to the dangers of use while operating the Breaker Bar.

29. As a direct and proximate result of Defendant's failure to provide proper warnings and instructions, the Plaintiff suffered the above-described injuries and damages

WHEREFORE, Plaintiff demands judgment against Defendant, together with interest and costs.

**PLAINTIFF CLAIMS TRIAL BY JURY.**

The Plaintiff,
By His Attorneys,

*/s/ David P. Angueira*
James A. Swartz, Esq.
BBO# 556920
David P. Angueria
BBO#019610
Alan L. Cantor, Esq.
BBO# 072360
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 02108
(617) 742-1900

Dated: April 6, 2022

## CERTIFICATE OF SERVICE

       I, David P. Angueira, Esq., do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 6th day of April, 2022:

                                                */s/ David P. Angueira*
                                                David P. Angueira, Esq.