UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY ROMANO,<br><br>        Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>        Defendant. | Case No. 1:22-cv-10471-DPW |

**DEFENDANT HARBOR FREIGHT TOOLS USA, INC.'S, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES**

Defendant, Harbor Freight Tools USA, Inc., by and through its attorneys, Clyde & Co US LLP, hereby demands a trial by jury and states as follows by way of Answer to Plaintiff's Amended Complaint:

**PARTIES**

1. The answering Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Amended Complaint, and therefore denies same.

2. Admitted.

3. Admitted.

**FACTS COMMON TO ALL COUNTS**

4. The answering Defendant admits that it is in the business of marketing, selling and distributing products, including breaker bars, but denies all remaining allegations set forth in paragraph 12 of Plaintiff's Amended Complaint.

5. The answering Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Amended Complaint, and therefore denies same.

1

6. The answering Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Amended Complaint, and therefore denies same.

7. The answering Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Amended Complaint, and therefore denies same.

8. The answering Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Amended Complaint, and therefore denies same.

9. The answering Defendant denies any and all allegations set forth in paragraph 9 of Plaintiff's Amended Complaint, and refers any and all questions of law to the Court.

10. The answering Defendant denies any and all allegations set forth in paragraph 10 of Plaintiff's Amended Complaint, and refers any and all questions of law to the Court.

## COUNT I
**(Negligence)**

11. The answering Defendant repeats and reiterates all responses to all prior paragraphs as if set forth more fully herein.

12. The answering Defendant denies any and all allegations set forth in paragraph 12 of Plaintiff's Amended Complaint.

13. The answering Defendant denies any and all allegations set forth in paragraph 13 of Plaintiff's Amended Complaint.

14. The answering Defendant denies any and all allegations set forth in paragraph 14 of Plaintiff's Amended Complaint.

WHEREFORE, the answering Defendant demands judgment in its favor and against Plaintiff together with costs.

## COUNT II
**(Product Liability – Breaches of Warranty)**

15. The answering Defendant repeats and reiterates all responses to all prior paragraphs as if set forth more fully herein.

16. The answering Defendant denies any and all allegations set forth in paragraph 16 of Plaintiff's Amended Complaint, and refers any and all questions of law to the Court.

17. The answering Defendant denies any and all allegations set forth in paragraph 17 of Plaintiff's Amended Complaint, and refers any and all questions of law to the Court.

18. The answering Defendant denies any and all allegations set forth in paragraph 18 of Plaintiff's Amended Complaint.

19. The answering Defendant denies any and all allegations set forth in paragraph 19 of Plaintiff's Amended Complaint.

20. The answering Defendant denies any and all allegations set forth in paragraph 20 of Plaintiff's Amended Complaint.

WHEREFORE, the answering Defendant demands judgment in its favor and against Plaintiff together with costs.

## COUNT III
### (Product Liability – Breach of Warranty of Fitness for Intended Use)

21. The answering Defendant repeats and reiterates all responses to all prior paragraphs as if set forth more fully herein.

22. The answering Defendant denies any and all allegations set forth in paragraph 22 of Plaintiff's Amended Complaint.

23. The answering Defendant denies any and all allegations set forth in paragraph 23 of Plaintiff's Amended Complaint.

24. The answering Defendant denies any and all allegations set forth in paragraph 24 of Plaintiff's Amended Complaint.

WHEREFORE, the answering Defendant demands judgment in its favor and against Plaintiff together with costs.

## COUNT IV
### (Product Liability – Breach of Duty to Warn)

25. The answering Defendant repeats and reiterates all responses to all prior paragraphs as if set forth more fully herein.

26. The answering Defendant denies any and all allegations set forth in paragraph 26 of Plaintiff's Amended Complaint.

27. The answering Defendant denies any and all allegations set forth in paragraph 27 of Plaintiff's Amended Complaint.

28. The answering Defendant denies any and all allegations set forth in paragraph 28 of Plaintiff's Amended Complaint.

29. The answering Defendant denies any and all allegations set forth in paragraph 29 of Plaintiff's Amended Complaint.

WHEREFORE, the answering Defendant demands judgment in its favor and against Plaintiff together with costs.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AFFIRMATIVE DEFENSE

Defendant denies that the Plaintiff is entitled to the damages claimed or to the relief demanded.

### SECOND SEPARATE AFFIRMATIVE DEFENSE

Each and every Count of the Complaint fails to state a claim upon which relief can be granted.

### THIRD SEPARATE AFFIRMATIVE DEFENSE

There is an insufficiency of service of process upon this Defendant.

**FOURTH SEPARATE AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over each and every count contained in the Complaint.

**FIFTH SEPARATE AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over the Defendant with respect to each and every Count contained in the Complaint.

**SIXTH SEPARATE AFFIRMATIVE DEFENSE**

This Court lacks venue over the Defendant with respect to each and every Count contained in the Complaint.

**SEVENTH SEPARATE AFFIRMATIVE DEFENSE**

This Court is considered *a forum non conveniens* for the Defendant with respect to each and every Count contained in the Complaint.

**EIGHTH SEPARATE AFFIRMATIVE DEFENSE**

The causes of action alleged in the Complaint are barred by the applicable statutes of limitation or repose from the jurisdiction or jurisdictions whose limitations or repose provision govern.

**NINTH SEPARATE AFFIRMATIVE DEFENSE**

The Plaintiff has failed to join a party or parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

**TENTH SEPARATE AFFIRMATIVE DEFENSE**

The claims presented by the Complaint are barred by the contributing fault of Plaintiff which fault is greater than that of the Defendant.

## ELEVENTH SEPARATE AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff were caused by the negligence of the Plaintiff and any recovery therefore is barred.

## TWELFTH SEPARATE AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff were caused by the negligence of the Plaintiff and any recovery therefore must be proportionately diminished.

## THIRTEENTH SEPARATE AFFIRMATIVE DEFENSE

Any negligence on the part of Defendant was superseded by the new and independent conduct, including negligence of Plaintiff's employer and/or other third parties, who owed a duty to Plaintiff and over whom Defendant had no control and which conduct Defendant could neither anticipate nor reasonably foresee and which superseding conduct was not a consequence of Defendant's alleged negligence but which was the efficient cause of the injuries allegedly sustained by Plaintiff.

## FOURTEENTH SEPARATE AFFIRMATIVE DEFENSE

The injuries complained of by the Plaintiff are wholly or partially caused by independent means, including, *inter alia,* the conduct and habits of Plaintiff.

## FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff was wholly at fault for the accident and such fault caused any injuries from which the Plaintiff suffered.

## SIXTEENTH SEPARATE AFFIRMATIVE DEFENSE

The Defendant had no duty to give instructions to Plaintiff or to warn Plaintiff of any hazards attendant to use of its products, whether known or constructively known by Defendant, because those hazards were known by Plaintiff and/or other persons who controlled or supervised Plaintiff in the course of or incidental to his/her employment.

### SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE

The Plaintiff's claims to the extent that they include a prayer for equitable relief are barred on account of *laches* in that Plaintiff failed or neglected to maintain this action in a swift, diligent and timely fashion, all to the detriment of Defendant.

### EIGHTEENTH SEPARATE AFFIRMATIVE DEFENSE

There was no privity of contract between Defendant and Plaintiff so Plaintiff may not recover upon any alleged breach of any express or implied warranty.

### NINETEENTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff's claims if based upon the allegations of express or implied warranty are barred because no sale of goods occurred.

### TWENTIETH SEPARATE AFFIRMATIVE DEFENSE

Defendant cannot be held liable under principles of strict tort liability because products manufactured and/or products which left Defendant's possession did so prior to the enactment of any laws regarding strict liability.

### TWENTY-FIRST SEPARATE AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, if the Defendant's products were used, they were used by the Plaintiff and/or other persons, in an unreasonable manner, not reasonably foreseeable to this Defendant, and for a purpose for which the products were not intended, manufactured, or designed; Plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and Plaintiff's recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the Plaintiff and/or such other parties and persons.

### TWENTY-SECOND SEPARATE AFFIRMATIVE DEFENSE

An action for breach of warranty was not available to Plaintiff during the period of the

allegedly injurious exposure to, use of, or contact with products allegedly manufactured by Defendant.

## TWENTY-THIRD SEPARATE AFFIRMATIVE DEFENSE

No warranty of any kind was extended to Plaintiff in this matter.

## TWENTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

If the Defendant, its servants or agents made any express warranties (allegations which the Defendant specifically denies) then the Plaintiff did not rely on the express warranties and, further, there was no such reliance by any person or entity authorized to represent the Plaintiff.

## TWENTY-FIFTH SEPARATE AFFIRMATIVE DEFENSE

If Defendant or its agents or servants made any warranties express or implied (allegations which the Defendant specifically denies) then the Defendant denies that it breached any of said warranties.

## TWENTY-SIXTH SEPARATE AFFIRMATIVE DEFENSE

If Defendant was liable, negligent or in breach of warranty, all of which it expressly denies, the Defendant's liability in any or all of those events has been terminated by the intervening acts, omissions or negligence of others over whom this Defendant had neither control, nor the right of control and for whose conduct the Defendant is not legally responsible.

## TWENTY-SEVENTH SEPARATE AFFIRMATIVE DEFENSE

Defendant denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery, and/or sale, in any product or material referred to in the Plaintiff's Complaint, but if there was any defect or negligence as alleged, then the Defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

### TWENTY-EIGHTH SEPARATE AFFIRMATIVE DEFENSE

The utility of the products manufactured by Defendant outweighs the danger allegedly involved and, therefore, Plaintiff's claim is barred as a matter of public policy.

### TWENTY-NINTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff's employer or employees were negligent with respect to the matters set forth in the Complaint, and such negligence caused in whole or in part whatever injury or disability, if any, which Plaintiff may have sustained, as set forth in the Complaint. Therefore, even if Plaintiff is entitled to recover against Defendant, which Defendant specifically denies, Plaintiff is not entitled to recover in the amount set forth in the Complaint because Defendant is entitled to set off any and all workmen's compensation payments against any judgment which might be rendered in Plaintiff's favor.

### THIRTIETH SEPARATE AFFIRMATIVE DEFENSE

If Plaintiff establishes any injury from Defendant's products, said injury would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its product caused Plaintiff's claimed injuries.

### THIRTY-FIRST SEPARATE AFFIRMATIVE DEFENSES

The Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised his claims herein, and accordingly, said claims are barred by operation of law.

### THIRTY-SECOND SEPARATE AFFIRMATIVE DEFENSE

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in the Complaint which caused injury to Plaintiff. Notwithstanding, at all times and places mentioned in the Complaint, Plaintiff and/or other persons without this Defendant's knowledge and approval redesigned, modified, altered, and used this Defendant's products contrary to instruction and contrary to the custom and practice of the industry. This redesign,

modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which Defendant specifically denies, such defect resulted solely from the redesign, modification, alteration, or other such treatment or change and not from any act or omission by this Defendant. Therefore, said defect, if any, was created by Plaintiff and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that Plaintiff allegedly suffered.

## THIRTY-THIRD SEPARATE AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive, exemplary or enhanced damages for the following reasons:

(a) Plaintiff's claim for punitive damages is barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

(b) Plaintiff's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as supplied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

(c) Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment.

## THIRTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded against this Defendant for any of the alleged actions or omissions of any of this Defendant's predecessors because there is not a sufficient degree of identity between this Defendant and any of its predecessors to justify such an award.

## THIRTY-FIFTH SEPARATE AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, the Plaintiff failed to make reasonable efforts to mitigate their injuries and damages, if any.

### THIRTY-SIXTH SEPARATE AFFIRMATIVE DEFENSE

The Defendant acted reasonably and with due care toward Plaintiff, and there was no negligence, gross negligence, willful, wanton or malicious misconduct, reckless indifference or reckless disregard of the rights of the Plaintiff, or malice (actual, legal or otherwise) on the part of this Defendant as to the Plaintiff.

### THIRTY-SEVENTH SEPARATE AFFIRMATIVE DEFENSE

The Plaintiff has waived any and all claims which they seek to assert in this action and is estopped both to assert and to recover upon such claims.

### THIRTY-EIGHTH SEPARATE AFFIRMATIVE DEFENSE

The Defendant states that if it supplied any product, either directly or indirectly, to the Plaintiffs' employers, this product was supplied in accordance with specifications established and promulgated by that employer, agencies or departments of the United States of America, other persons and/or entities.

### THIRTY-NINTH SEPARATE AFFIRMATIVE DEFENSE

The Defendant states that any products manufactured or sold by the Defendant which give rise to Plaintiff's claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products were equal or superior to that of the Defendant, and by reason thereof, the Defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### FORTIETH SEPARATE AFFIRMATIVE DEFENSE

If the Plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, the causes of action asserted by the Plaintiff fail to state a claim

upon which relief can be granted, for, if relief be granted, such relief would constitute a taking of this Defendant's property for a public use without just compensation, a violation of this Defendant's constitutional rights.

### FORTY-FIRST SEPARATE AFFIRMATIVE DEFENSE

If the Plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused the injury, the causes of action asserted by the Plaintiff fail to state a claim upon which relief can be granted because such relief would constitute a denial by this Court of Defendant's constitutional right of equal protection under the law.

### FORTY-SECOND SEPARATE AFFIRMATIVE DEFENSE

This Defendant alleges that any sales of products made by it were made to sophisticated users of such products, and that sale to a sophisticated user of the products bars any claim of liability against this Defendant.

### FORTY-THIRD SEPARATE AFFIRMATIVE DEFENSE

If the Plaintiff is barred from recovery, any action of Plaintiff's spouse is also barred because it is a derivative action.

### FORTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

Defendant avails itself of, and adopts such other defenses raised by any other Defendants as may be applicable.

### FORTY-FIFTH SEPARATE AFFIRMATIVE DEFENSE

This Defendant reserves the right to assert any and/or all applicable affirmative defense which discovery may reveal are appropriate.

### FORTY-SIXTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### FORTY-SEVENTH SEPARATE AFFIRMATIVE DEFENSE

The liability of this Defendant, if any, to Plaintiff for non-economic loss is limited to this Defendant's equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### FORTY-EIGHTH SEPARATE AFFIRMATIVE DEFENSE

In the event Plaintiff recovers a verdict or judgment against this Defendant, then said verdict or judgment must be reduced by those amounts which have been or will replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefit programs.

### FORTY-NINTH SEPARATE AFFIRMATIVE DEFENSE

If Plaintiff has settled or should settle with any entity or have any judgment against any entity rendered in their favor for any of their alleged injuries, then this Defendant is entitled to a setoff in the amount of said settlement or judgment.

### CROSS-CLAIM FOR CONTRIBUTION

Defendant hereby makes claim for contribution against each and every Defendant which may be later jointed in this action.

### CROSS-CLAIM FOR INDEMNIFICATION

While denying liability to Plaintiff as well as the damages and injuries alleged, if this Defendant is found liable to the Plaintiff for damages by reason of the alleged acts complained of, this Defendant's alleged negligence was merely constructive, technical and passive or vicarious and Plaintiff's damages and injuries arose with direct and primary negligence, strict liability, breach of contract and implied warranties of any co-defendants later joined in this action.

## ANSWERS TO ALL CROSS-CLAIMS

This Defendant answers all cross-claims of any co-defendants which may be later joined in this action, saying:

(a) All cross-claims for contribution alleged are denied.

(b) All cross-claims for indemnification alleged are denied.

WHEREFORE, the answering Defendant demands judgment in its favor and against Plaintiff together with costs.

Dated: April 26, 2022

Respectfully submitted,

By: */s/ Kevin C. McCaffrey*
    Kevin C. McCaffrey
BBO No. 666052
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
T: (212) 710-3952
F: (212) 710-3950
E: kevin.mccaffrey@clydeco.us

*Attorneys for Defendant Harbor Freight Tools USA, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2022, a true copy of the foregoing was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing.

By: */s/Kevin McCaffrey*
    Kevin C. McCaffrey